IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT COPPER, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 22-89 |

O R D E R

AND NOW, this 28th day of July, 2023, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to account for all of the work-related limitations caused by his migraine headaches in formulating his residual

functional capacity ("RFC"), as well as the hypothetical question to the vocational expert. In so arguing, he asserts that the ALJ improperly assessed his testimony, as well as the medical evidence, and that she erred in her consideration of his ability to engage in certain activities of daily living. The Court finds no merit in these arguments and further finds that substantial evidence supports the ALJ's determination of Plaintiff's RFC and her ultimate conclusion that Plaintiff is not disabled.

Plaintiff asserts that consistent evidence supports his testimony regarding the debilitating symptoms caused by his migraines, the ineffectiveness of medication in treating the headaches, and the impact of his condition on his daily life. He claims that his subjective complaints are consistent with statements of his treating physicians, family members, and a former employer. He further argues that his testimony, thus supported, cannot be rejected based on the "mere absence of objective evidence." (Doc. No. 13, p. 17). However, the ALJ addressed all of these issues, and her conclusions are supported by substantial evidence.

Since the nature of Plaintiff's alleged limitations are based largely on his own statements, the Court first notes that an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, although that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character"). The manner of the evaluation, though, remains unchanged in most ways, and many concepts that applied when the evaluation was considered to be one of credibility continue to apply now.

Here, the ALJ found Plaintiff's migraine headaches to constitute a severe impairment and clearly acknowledged Plaintiff's testimony regarding the impact of these migraine headaches, including allegations of confusion. (R. 17, 18-19, 21-26). She then proceeded to consider this testimony in light of all of the record evidence, finding that Plaintiff's migraines did cause some symptoms but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the record evidence. At no point did the ALJ isolate any of the underlying facts and indicate that this factor alone showed that Plaintiff's statements were not entirely consistent with the record evidence. Instead, the ALJ considered all of the evidence in context and explained how it impacted her findings.

More specifically, the ALJ addressed the evidence that Plaintiff cites as consistent with his testimony. For instance, the ALJ expressly considered the statement of Nickolas Summa, Ph.D., Plaintiff's therapist, that he should be approved for disability. (R. 1295). However, the ALJ found the statement to be unpersuasive, as it was unsupported by objective medical evidence, including a complete lack of treatment records from Dr. Summa himself, and was inconsistent with the longitudinal record. (R. 19). The Court further notes that statements such these – that a claimant is disabled or unable to work – are not generally relevant, as such findings are reserved to the Commissioner. *See* 20 C.F.R. § 404.1520b(c)(3)(i). The ALJ similarly addressed the opinions attached to Plaintiff's personal statement, those of Jennifer Douglas, M.D. (R. 1081-82), and Donna Sheetz, PA-C (Doc. No. 1037-38), that he was limited to a range of sedentary

work or less, finding them to be unpersuasive, as they were unsupported by objective medical evidence and inconsistent with the record. (R. 23).

In so doing, the ALJ discussed the various aspects of the record she found to be inconsistent with Plaintiff's testimony and the statements of his treating sources. The ALJ contrasted Plaintiff's alleged confusion with mental status findings and neurological and clinical findings, including reports of good concentration. (R. 18-19). She detailed the inconsistencies in Plaintiff's claims about his headaches at significant length, specifically citing statements made that were inconsistent as to the origin, frequency, and severity of his migraine symptoms. She further discussed Plaintiff's overall improvement while acknowledging that the path was not always straight, in part because of occasional compliance issues. (R. 21-26). It is beyond dispute that an ALJ can, and in fact must, consider such evidence in evaluating a claimant's subjective testimony about the intensity, persistence, and limiting effects of his or her symptoms. *See* 20 C.F.R. § 404.1529(c)(4); SSR 16-3p. The ALJ further found the opinions of the state agency consultants to be generally persuasive and to support the RFC findings. (R. 27). She considered and discussed statements from Plaintiff's family and prior employer. (R. 27). Far from rejecting Plaintiff's testimony regarding the limiting effects of his migraines based on the "mere absence of objective evidence," the ALJ evaluated his claims in light of the record as a whole.

The ALJ also considered Plaintiff's activities of daily living in reaching her decision. Plaintiff argues that the ALJ relied on his supposed ability to compile a detailed personal statement in finding that he was less limited than alleged, but that the ALJ "failed to consider that this evidence was not produced by Plaintiff, but by his wife." (Doc. No. 13, p. 16). However, as the Commissioner points out, the letter from Plaintiff's wife indicating that she had produced this material was not submitted to the ALJ, but to the Appeals Council (R. 548), so this evidence was not before the ALJ at the time of her determination. It is axiomatic that such evidence cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). The record before the ALJ provided no indication that anyone other than Plaintiff had completed his personal statement, and indeed, he signed the statement. (R. 1023). Based on the evidence available to the ALJ, therefore, it appears her assumption that Plaintiff produced this evidence was well-supported.

Plaintiff does not request a remand on the basis of new evidence under sentence six of 42 U.S.C. § 405(g), which permits a court to remand a case based on new evidence under certain circumstances. However, even if he had, such a remand would be unwarranted, as Plaintiff has made no attempt to demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Indeed, it is hard to imagine good cause for obfuscating the source of Plaintiff's personal statement by withholding the identity of the true author until after the ALJ had rendered a decision.

Plaintiff next argues that the ALJ improperly considered his ability to engage in activities of daily living, claiming that the ALJ relied on his ability to engage in "transient and sporadic activity as evidence of an ability to engage in work-related activity." (Doc. No. 13, p. 18). Similar claims arise in a number of social security disability cases and raise a similar dilemma. There is, of course, nothing inappropriate with an ALJ considering a claimant's activities of daily living in evaluating the severity of the claimant's symptoms and limitations. In fact, ALJs are required to do so. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011). However, as Plaintiff points out, in performing this analysis, an ALJ cannot use evidence of sporadic and transitory activities to demonstrate an ability to engage continuously in substantial gainful activity. *See Fargnoli v. Astrue*, 247 F.3d 34, 40 n.5 (3d Cir. 2001). The question here, as in many cases, is whether the ALJ's proper consideration of Plaintiff's daily activities veered into an improper reliance on sporadic and transient activities. Here, it did not.

The ALJ's consideration of Plaintiff's activities of daily living in this matter was comprehensive and fairly addressed the nature of those activities. She expressly discussed Plaintiff's ability to care for his personal needs independently, to perform a number of chores and errands at least on occasion, and to drive without restrictions, as well as his ability to use a computer frequently and to interact regularly with others. (R. 26). While Plaintiff may characterize some of the daily activities to which the ALJ cited as sporadic or transitory, his characterization does not necessarily make them such. The Court further notes that Plaintiff again relies on the argument that it was his wife, and not him, who completed his personal statement. As discussed above, the record before the ALJ suggested nothing other than that Plaintiff had produced this material, and she correctly attributed the activity of creating such complex material to Plaintiff. Moreover, the ALJ did not rely solely on Plaintiff's activities of daily living in evaluating Plaintiff's testimony or in otherwise engaging in her analysis, but rather properly treated these as one of several factors for consideration.

It is important to remember that, while a claimant's testimony regarding his or her subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363. Moreover, where an ALJ has articulated reasons supporting a "credibility" determination, that determination is afforded significant deference. *See Horodenski v. Comm'r of Soc. Sec.*, 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case. *See also Paula R. v. Comm'r of Soc. Sec.*, No. CV 20-18808 (RBK), 2022 WL 950242, at *5 (D.N.J. Mar. 30, 2022) ("Credibility determinations are 'virtually unreviewable on appeal.'" (quoting *Hoyman v. Colvin*, 606 Fed. Appx. 678, 681 (3d Cir. 2015))). The Court again emphasizes that the ALJ based his decision on the entire record. She did not discount Plaintiff's headaches all together, and in fact, expressly accounted for his migraines in formulating the RFC, including limitations to account for his issues with concentration. (R. 21). If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 12) is DENIED and that Defendant's Motion for Summary Judgment (document No. 14) is GRANTED.

                                                s/Alan N. Bloch
                                                United States District Judge

ecf:        Counsel of record

---

Plaintiff further contends that the ALJ incorrectly characterized his RFC as allowing for a range of light work, when it more accurately described a range of sedentary work. However, Plaintiff does not dispute that the jobs in the national economy that the ALJ found Plaintiff could perform were sedentary in any event. Indeed, the vocational expert addressed this issue at the hearing, and her testimony that a hypothetical individual could perform the sedentary jobs of addresser, ticket checker, and polisher were based on the very RFC which the ALJ ultimately formulated. (R. 66-68).

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.